UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE and MARY DUKAS,

        Plaintiffs,

v.                          Case No. 8:13-cv-3103-T-33AEP

FIRST LIBERTY INSURANCE COMPANY,

        Defendant.

_____/

**ORDER**

Plaintiffs' Motion to Remand to State Court (Doc. # 5), filed on January 10, 2014, is before the Court.  Defendant First Liberty Insurance Company filed a Response in Opposition to the Motion (Doc. # 11) on January 31, 2014.  For the reasons that follow, the Court grants the Motion to Remand.

**I.   Background**

On June 1, 2009, Plaintiffs reported a claim for sinkhole damage to Fist Liberty, their homeowner's insurance carrier. (Doc. # 2 at ¶ 7).  First Liberty denied the claim, and on December 13, 2012, Plaintiffs filed a one count Complaint, for breach of contract, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. (Doc. # 2). Plaintiffs' complaint asserts as to damages: "This is a claim for damages in excess of $15,000." (Id. at ¶ 2).

On August 28, 2013, First Liberty propounded a Request for Admissions to Plaintiffs, requesting that they "admit that

the amount in controversy in this action exceeds $75,000." Plaintiffs initially responded: "Despite reasonable inquiry, Plaintiffs are without sufficient knowledge to either admit or deny at this time; therefore denied." (Doc. # 1-1 at 66). First Liberty petitioned the State Court to require Plaintiffs to provide a more detailed response, and the State Court granted the motion by requiring Plaintiffs to serve a response "sufficient to allow Defendant to determine whether the amount in controversy is such that removal to Federal Court is proper." (Doc. # 1 at ¶ 9). On December 9, 2013, Plaintiffs provided a supplemental response to the Request for Admission that "Plaintiffs[] admit the amount they may seek in this action could be in excess of $75,000." (Doc. # 1-1 at 100). First Liberty removed the action to this Court on December 10, 2013, based on the Court's diversity jurisdiction. Plaintiffs seek an Order remanding the case to State Court.

**II.   Legal Standard**

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

2

In <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319-20 (11th Cir. 2001), the Eleventh Circuit held that if the requisite jurisdictional amount is not facially apparent from the complaint (as is the case here), the district court should look to the notice of removal and may require the defendant to submit evidence supporting its claim.

"A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." <u>Id.</u> Further, it is the removing defendant's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1294 (11th Cir. 2008).

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. <u>Shamrock Oil & Gas Co. v. Sheets</u>, 313 U.S. 100, 108 (1941).

3

III. <u>**Analysis**</u>

Neither the Complaint nor the Notice of Removal provide any substantive discussion of the actual damages Plaintiffs sustained.  Absent from the Court's file are any photographs of the damage to the property, any reports from examinations of the property, or any responses to discovery touching on the nature of the damages to the property.  Instead, First Liberty's sole basis for the removal of this breach of contract case is Plaintiffs' supplemental response to a Request for Admission in which Plaintiffs indicate that their damages "may" exceed $75,000.  Although First Liberty has made an adequate showing concerning complete diversity of citizenship between the parties, the Notice of Removal does not satisfy the Court that the jurisdictional amount has been satisfied.[1]

A number of courts have determined that a plaintiff's discovery responses concerning the amount in controversy are not sufficient to support removal of a case to federal court. <u>See</u>, <u>e.g.</u>, <u>Bruzon-Pena v. Infinity Indem. Ins. Co.</u>, No. 8:09-cv-2170-T-33EAJ, 2010 U.S. Dist. LEXIS 103084 (M.D. Fla. July

---

[1] In the Notice of Removal, First Liberty specifies that it is an Illinois corporation with its principal place of business in Massachusetts and that Plaintiffs are citizens of the State of Florida. (Doc. # 1 at ¶¶ 4-5).

4

14, 2010)(remanding breach of insurance contract case when removal was predicated upon plaintiff's failure to commit to an amount in controversy during discovery); <u>Mathews v. GEICO</u>, No. 8:13-cv-3053-T-33TBM (M.D. Fla. Dec. 31, 2013, Doc. # 15)(remanding bad faith insurance case when removal was predicated upon plaintiff's discovery responses); <u>MacDonald v. Circle K Stores, Inc.</u>, No. 6:08-cv-1825-Orl-22DAB, 2009 U.S. Dist. LEXIS 3117 (M.D. Fla. Jan. 16, 2009)(remanding slip-and-fall case when removal was based on plaintiff's responses to requests for admissions and interrogatory answers regarding the amount in controversy and noting that responses to interrogatories "merely establish the possibility - not a probability - that the Plaintiff's damages might exceed $75,000."). The Court reaches the same conclusion in this case. Plaintiffs' categorically vague indication that "the amount they *may* seek in this action *could* be in excess of $75,000" is too speculative to warrant removal. (Doc. # 1-1 at 100)(emphasis added).

As set forth in <u>Williams</u>, 269 F.3d at 1320, a plaintiff's refusal to stipulate that her claims do not exceed $75,000.00 is inadequate to satisfy the removing defendant's burden. That court explained: "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate

standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." Id.

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).  First Liberty falls well short of meeting this burden.  The Court, finding that it lacks subject matter jurisdiction, remands this case to State Court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiffs' Motion to Remand to State Court (Doc. # 5) is **GRANTED**.

(2)  This case is **REMANDED** to State Court.  After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

6