UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE and MARY DUKAS,

       Plaintiffs,

v.                           Case No. 8:13-cv-3103-T-33AEP

FIRST LIBERTY INSURANCE COMPANY,

       Defendant.

_____/

## ORDER

This cause comes before the Court pursuant to Defendant First Liberty Insurance Company's Motion for Reconsideration of Order Granting Plaintiffs' Motion to Remand (Doc. # 13), which was filed on February 10, 2014. Plaintiffs Bruce and Mary Dukas filed a Response in Opposition to the Motion (Doc. # 14) on February 24, 2014. For the reasons that follow, the Motion for Reconsideration is denied.

## I.  Background

### A.  Procedural History

On June 1, 2009, Plaintiffs reported a claim for sinkhole damage to First Liberty, their homeowner's insurance carrier. (Doc. # 2 at ¶ 7). First Liberty denied the claim, and on December 13, 2012, Plaintiffs filed a one count Complaint, for breach of contract, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. (Doc. # 2). Plaintiffs' Complaint asserts as to damages: "This is a claim

for damages in excess of $15,000." (Id. at ¶ 2).

On August 28, 2013, First Liberty propounded a Request for Admission to Plaintiffs, requesting that they "admit that the amount in controversy in this action exceeds $75,000." Plaintiffs initially responded: "Despite reasonable inquiry, Plaintiffs are without sufficient knowledge to either admit or deny at this time; therefore denied." (Doc. # 1-1 at 66). First Liberty petitioned the State Court to require Plaintiffs to provide a more detailed response, and the State Court granted the motion by requiring Plaintiffs to serve a response "sufficient to allow Defendant to determine whether the amount in controversy is such that removal to Federal Court is proper." (Doc. # 1 at ¶ 9). On December 9, 2013, Plaintiffs provided a supplemental response to the Request for Admission that "Plaintiffs[] admit the amount they may seek in this action could be in excess of $75,000." (Doc. # 1-1 at 100)(emphasis added). Relying on Plaintiffs' response to the Request for Admission, First Liberty removed the action to this Court on December 10, 2013, claiming that the Court's diversity jurisdiction was properly invoked. (Doc. # 1).

On January 10, 2014, Plaintiffs filed a Motion to Remand to State Court (Doc. # 5), to which First Liberty Responded on January 31, 2014. (Doc. # 11). The Court granted the Motion

to Remand on February 6, 2014. In remanding the action, the Court noted:

> Neither the Complaint nor the Notice of Removal provide any substantive discussion of the actual damages Plaintiffs sustained. Absent from the Court's file are any photographs of the damage to the property, any reports from examinations of the property, or any responses to discovery touching on the nature of the damages to the property. Instead, First Liberty's sole basis for the removal of this breach of contract case is Plaintiffs' supplemental response to a Request for Admission in which Plaintiffs indicate that their damages "may" exceed $75,000. Although First Liberty has made an adequate showing concerning complete diversity of citizenship between the parties, the Notice of Removal does not satisfy the Court that the jurisdictional amount has been satisfied.

(Doc. # 12 at 4).

   **B.   "New Evidence"**

At this juncture, First Liberty seeks reconsideration of the February 6, 2014, Order remanding this action to state court. First Liberty contends that "new evidence" exists, which shows that the amount in controversy exceeds $75,000. Attached to the Motion for Reconsideration is the February 7, 2014, affidavit of Thomas H. Fisher, P.E. (Doc. # 13-2). In his affidavit, Mr. Fisher, an engineer, indicates that he reviewed (1) "Investigation Permit Findings" dated January 31, 2011, prepared by Hanecki Consulting Engineers, Inc. for the Dukas residence and (2) a "Preliminary Report" by JFK and

3

Associates dated November 5, 2013, for the Dukas residence. (Doc. # 13-2 at ¶¶ 5-6). Mr. Fisher did not independently inspect the site. (<u>Id.</u> at ¶ 9).  Based on his reading of the January 31, 2011, and November 5, 2013, reports noted above, Mr. Fisher provided $144,850 as an "estimated cost[] for stabilization and engineering." (<u>Id.</u> at ¶ 18).  Among other qualifications and limitations, Mr. Fisher notes that his estimate is "an 'order of magnitude' estimate of actual construction costs, and therefore should not be considered as a bid for performing the work.  Actual costs can only be determined through solicitation of bids from qualified contractors." (<u>Id.</u> at ¶ 19).  Mr. Fisher also circumscribes his affidavit as follows: "My recommendations are for estimating purposes only and cannot be utilized for permitting to perform any foundation stabilization until such time that I can perform an inspection of the site to develop an accurate design layout and confirm the reported site conditions." (<u>Id.</u> at ¶ 9).

## II.   <u>Legal Standard</u>

First Liberty's Motion for Reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla.

4

Mar. 30, 2005).

As stated in <u>Florida College of Osteopathic Medicine,</u> <u>Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of</u> <u>Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of</u> <u>Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.   Further, as explained in <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction

with the Court's reasoning." <u>Id.</u> at 11. (citation omitted).

**III. <u>Analysis</u>**

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In the Order of Remand, the Court determined that the parties were completely diverse, as "First Liberty . . . is an Illinois corporation with its principal place of business in Massachusetts and [] Plaintiffs are citizens of the State of Florida." (Doc. # 12 at 4). The Court remanded the case based on the determination that the amount in controversy requirement was not satisfied.

In <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319-20 (11th Cir. 2001), the Eleventh Circuit held that if the requisite jurisdictional amount is not facially apparent from the complaint (as in this case), the district court should look to the notice of removal and may require the defendant to submit evidence supporting its claim. Additionally, the Eleventh Circuit has noted that "[a] court's analysis of the amount-in-controversy requirement focuses on

6

how much is in controversy at the time of removal, not later."
Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th
Cir. 2010).

Here, First Liberty predicated removal on Plaintiffs'
discovery responses and submitted those discovery responses to
the Court in connection with the Notice of Removal.  One day
after the Court remanded the case to state court, First
Liberty has manufactured an affidavit in "a desperate attempt
. . . to keep this case in Federal Court." (Doc. # 14 at 2).
A close reading of Mr. Fisher's affidavit reveals that it is
not really new evidence at all.  Mr. Fisher has not conducted
an independent evaluation of Plaintiffs' property, but instead
has summarized and recapitulated two reports, both predating
the removal of the case.  The time for First Liberty to submit
evidence of (1) the "Investigation Permit Findings" dated
January 31, 2011, prepared by Hanecki Consulting Engineers,
Inc. and (2) the "Preliminary Report" by JFK and Associates
dated November 5, 2013 (or evidence digesting these reports)
was at the time of removal (December 10, 2013).  The Court
agrees with Plaintiffs that First Liberty's "failure to submit
this evidence at the time of removal is not a proper reason
for requesting this Court to reconsider its granting of the
Plaintiffs' Motion to Remand." (Id. at 5).

7

It is worthy of great consideration that Plaintiffs filed this action in state court on December 13, 2012, and First Liberty removed the action on December 10, 2013, days shy of the one-year cut off for removal as stated in 28 U.S.C. § 1446(c)(1). As described in Lopez v. Robinson Aviation, Inc., No. 10-60241, 2010 U.S. Dist. LEXIS 99603, at *7 (S.D. Fla. Apr. 21, 2010), "Section 1446(b)'s one-year limitation period was added by the Judicial Improvement and Access to Justice Act of 1988" and the "amendment's purpose" includes "a means of reducing the opportunity for removal after substantial progress has been made in state court. . . . Removal late in the proceedings may result in substantial delay and disruption." Id. (citing H.R. Rep. No. 889-100 at 72, as reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33).  The Court is mindful of these important objectives and questions the propriety of First Liberty's submission of an affidavit dated February 7, 2014, in an effort to establish the amount in controversy at the time of removal (December 10, 2013).  The Court determines that Mr. Fisher's affidavit is not "new evidence" because it is a regurgitation and recitation of evidence that was available at the time of removal, but not timely tendered to the Court.

In addition, even if the Court were to accept Mr.

8

Fisher's affidavit as "new evidence," its submission does not warrant this Court's reconsideration or an Order vacating the February 6, 2014, Order of Remand.  The affidavit was not based on Mr. Fisher's personal examination of the subject property, and from the Court's review of the affidavit, it appears that Mr. Fisher has never traveled to the site of the alleged sinkhole.  His affidavit is limited and based upon speculation and conjecture as to what the damages could be if there was sinkhole activity on the property.  Mr. Fisher also qualifies his affidavit by stating, inter alia, that "actual costs can only be determined through solicitation of bids from qualified contractors." (Doc. # 13-2 at ¶ 19).

After due consideration, and especially given the posture of this case, which has already been remanded to state court based upon the finding that this Court lacks subject matter jurisdiction, the Court denies the Motion for Reconsideration.[1]  The Court does not retreat from its previously articulated finding that it lacks subject matter jurisdiction over this case.

Accordingly, it is

---

[1] Although the Court has denied First Liberty's Motion for Reconsideration, the Court declines to award attorneys' fees as requested by Plaintiffs in their response to the Motion for Reconsideration.

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant First Liberty Insurance Company's Motion for Reconsideration of Order Granting Plaintiffs' Motion to Remand (Doc. # 13) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of March, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record